UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

PASENG YANG

Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY,

Defendant.

Case No. 1:23-cv-01213-EPG

ORDER GRANTING MOTION FOR ATTORNEY'S FEES PURSUANT TO 42 U.S.C. § 406(b)

(ECF No. 25)

On June 25, 2026, attorney Jonathan Pena, counsel for Plaintiff Paseng Yang, filed a motion for an award of $23,466.00 in attorney's fees under 42 U.S.C. § 406(b). (ECF No. 25). Plaintiff and Defendant were each served with a copy of the motion. Plaintiff has not filed any response to the motion.

On July 9, 2026, the Commissioner filed a response providing analysis regarding the fee request but taking no position on its reasonableness. (ECF No. 29). Plaintiff's counsel did not file an optional reply.

For the reasons set forth below, the motion for an award of attorney's fees will be granted, in the amount of $23,466.00, with counsel reimbursing Plaintiff for $8,861.47 in fees previously received pursuant to the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412(d). (ECF No. 24)

## I. BACKGROUND

Plaintiff filed the complaint commencing the action on August 15, 2023. (ECF No. 1). The parties consented to this case proceeding before the undersigned. (ECF No. 10). ON January

19, 2024, Plaintiff filed a Motion for Summary Judgment. (ECF No. 16). On April 5, 2024, Defendant filed a stipulation for voluntary remand pursuant to Sentence 4 of 42 U.S.C. 405(g). (ECF No. 20) On April 10, 2024, the Court issued an order remanding the action and judgment was entered pursuant to the order. (ECF Nos. 21, 22).

On remand for additional administration proceedings, an Administrative Law Judge issued a favorable decision awarding benefits to Plaintiff. (ECF No. 25 at 3). Plaintiff's counsel received a Notice of Award on November 15, 2025, but did not receive a notice from SSA until June 24, 2026. (*Id.*). The Notice of Award indicates Plaintiff received $93,864.00 in backpay, and 25%, or $23,466.00, of that amount was withheld. This matter is now before the Court on counsel's motion, seeking an award of $23,466.00.

## II. DISCUSSION

Under the Social Security Act, attorneys may seek a reasonable fee for cases in which they have successfully represented social security claimants. Section 406(b) provides:

> Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, *not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment*, and the Commissioner of Social Security may . . . certify the amount of such fee for payment to such attorney out of, and not in addition to, the amount of such past-due benefits . . . .

42 U.S.C. § 406(b)(1)(A) (emphasis added).

"In contrast to fees awarded under fee-shifting provisions such as 42 U.S.C. § 1988, the [§ 406(b)] fee is paid by the claimant out of the past-due benefits awarded; the losing party is not responsible for payment." *Crawford v. Astrue*, 586 F.3d 1142, 1147 (9th Cir. 2009) (en banc) (citing *Gisbrecht v. Barnhart*, 535 U.S. 789, 802 (2002)). Even though the § 406(b) fee award is not paid by the Government, the Commissioner "plays a part in the fee determination resembling that of a trustee for the claimant[]." *Gisbrecht*, 535 U.S. at 798 n.6. The goal of awarding fees under § 406(b) was to prohibit "exorbitant fees" from being collected by attorneys but also to provide sufficient fee awards "to encourage adequate representation of claimants." *Crawford*, 586 F.3d at 1149 (internal citations omitted).

The 25% maximum fee is not an automatic entitlement, and courts are required to ensure

that the requested fee is reasonable. *Gisbrecht*, 535 U.S. at 808-09 (holding that § 406(b) does not displace contingent-fee agreements within the statutory ceiling; instead, § 406(b) instructs courts to review for reasonableness fees yielded by those agreements). "Within the 25 percent boundary . . . the attorney for the successful claimant must show that the fee sought is reasonable for the services rendered." *Id*. at 807; *see also Crawford*, 586 F.3d at 1148 (noting that § 406(b) "does not specify how courts should determine whether a requested fee is reasonable" but "provides only that the fee must not exceed 25% of the past-due benefits awarded").

Generally, "a district court charged with determining a reasonable fee award under § 406(b)(1)(A) must respect 'the primacy of lawful attorney-client fee arrangements,' . . . 'looking first to the contingent-fee agreement, then testing it for reasonableness.'" *Crawford*, 586 F.3d at 1148 (quoting *Gisbrecht*, 535 U.S. at 808). The United States Supreme Court has identified several factors that may be considered in determining whether a fee award under a contingent-fee agreement is unreasonable and therefore subject to reduction: (1) the character of the representation; (2) the results achieved by the representative; (3) whether the attorney engaged in dilatory conduct in order to increase the accrued amount of past-due benefits; (4) whether the benefits are large in comparison to the amount of time counsel spent on the case; and (5) the attorney's record of hours worked. *Id*. (citing *Gisbrecht*, 535 U.S. at 807-08).

Plaintiff entered a Contingent Fee Agreement with counsel on August 1, 2023, which states, in relevant part:

> …
>
> I agree to pay my attorney 25% of Past Due Benefits/Retroactive benefits AWARDED (pre-offset) to me and my family (this includes auxiliary beneficiaries) resulting from my disability claim at the time benefits are awarded.
>
> My attorney has explained to me that it is the law that the attorney fee must be approved by the federal court for representation in federal court and by the Social Security Administration for representation before the Social Security Administration. I understand that the total fee could amount to many thousands of dollars or many hundreds of dollars per hour on an hourly basis; I understand that my attorney is accepting my case because of the possibility of obtaining substantial fees. I agree to cooperate in any way that I can so that my attorney's full fee is authorized. I understand that my attorney may seek the maximum fee this contract allows under the law. My attorney does not promise to minimize either the attorney fee he receives or that I pay under this contract
>
> …

(ECF No. 25-3 at 1)

The Court has considered the character of counsel's representation of Plaintiff and the good results achieved by counsel, which included a favorable decision in Plaintiff's favor upon a stipulated remand. There is no indication that a reduction is warranted due to any substandard performance by counsel and there is no evidence that counsel engaged in any dilatory conduct resulting in delay.

Counsel seeks an award of $23,466.00 which results in an approximate hourly rate of $642.90 based on 36.5 hours of time spent on this case (ECF No. 25 at 5). Further, the requested award of $23,466.00 is exactly 25% of the past-due benefits, which is the maximum permitted by law and thus is not excessive in relation to the past-due benefits awarded. While the Court recognizes that the amount awarded is the maximum typically permitted, the Court notes that other courts have approved similar and higher total and hourly fee awards as well as the hours spent on this case. *See, e.g.*, *Crawford*, 586 F.3d at 1153 (explaining that the majority opinion found reasonable effective hourly rates equaling $519, $875, and $902) (J. Clifton, concurring in part and dissenting in part); *Malta v. Comm'r of Soc. Sec.*, No. 1:18-CV-00415-CDB, 2024 WL 3618430, at *3 (E.D. Cal. Aug. 1, 2024) (observing that hourly rate of $1,553.87 was "within the upper boundaries of reasonableness.") (collecting cases); *Thomas v. Colvin*, No. 1:11-cv-01291-SKO, 2015 WL 1529331, at *3 (E.D. Cal. Apr. 3, 2015) (granting § 406(b) attorney's fees in the amount of $44,603.50); *Patterson v. Apfel*, 99 F. Supp. 2d 1212, 1214 & n.2 (C.D. Cal. 2000) (noting that "a survey of several dozen cases in which attorney's fees were awarded in social security cases suggests that the 33.75 hours spent by plaintiff's counsel falls within the approved range," and collecting cases).

In making this determination, the Court recognizes counsel's assumption of risk in agreeing to represent Plaintiff under a contingency fee agreement. "District courts generally have been deferential to the terms of contingency fee contracts in § 406(b) cases." *Harris v. Barnhart*, 262 F. Supp. 2d 1033, 1037 (N.D. Cal. 2003). Attorneys who agree to represent claimants pursuant to a contingency fee agreement assume the risk of receiving no compensation for their time and effort if the action does not succeed. *Id.* Here, counsel accepted substantial risk of loss in

representing Plaintiff, whose application had already been denied at the administrative level. Plaintiff agreed to the fee, and counsel secured a remand leading to an award of substantial benefits.

An award of attorney's fees pursuant to § 406(b) in the amount of $23,466.00 is thus appropriate. An award of § 406(b) fees, however, must be offset by any prior award of attorney's fees granted under the EAJA. *See* 28 U.S.C. § 2412; *Gisbrecht*, 535 U.S. at 796. Plaintiff was awarded $8,861.47 in EAJA fees, and counsel agrees to refund these fees. (ECF No. 25 at 6).

## III. CONCLUSION AND ORDER

For the reasons stated above, IT IS ORDERED as follows:

1. The motion for attorney's fees (ECF No. 25) under 42 U.S.C. § 406(b) is granted in the amount of $ 23,466.00.

2. Plaintiff's counsel shall refund Plaintiff $8,861.47 for the EAJA fees previously awarded pursuant to 28 U.S.C. § 2412(d) upon the receipt of the attorney's fee award. (ECF No. 24).

3. Plaintiff's counsel shall serve a copy of this order on Plaintiff Paseng Yang.

IT IS SO ORDERED.

Dated: **August 11, 2026**

/s/ Erica P. Grosjean
UNITED STATES MAGISTRATE JUDGE